UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOMINICK I. GOLIO,

                            Plaintiff                    06 CV 1691 (RPP)
     - against -

                                                      **OPINION AND ORDER**

CITY OF WHITE PLAINS, CITY OF WHITE
PLAINS POLICE DEPARTMENT, CITY OF
WHITE PLAINS POLICE OFFICERS, BADGE
151 JENNIFER SUGGS, BADGE UNKNOWN
F/N/U LOPEZ, AND DOE ONE THROUGH
FIVE

                            Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On October 2, 2009, Plaintiff's counsel requested a brief reopening of discovery because they had very recently been informed that in the White Plains police station holding area, pre-fastened handcuffs were utilized to replace the arresting officer's handcuffs.  Plaintiff requested leave to notice a police procedures expert, able to testify on the subject, whom they had located.  The Court approved the application and ordered the expert report to be filed by October 9, 2009.  The Court also granted Plaintiff's request for any surveillance tapes of the holding area.  A copy of Plaintiff's counsel's letter of October 2, 2009 with the Court's endorsement is attached.  On October 9, 2009, Plaintiff served an affidavit of Joseph Pollini, a retired New York City police officer who rose to the rank of Lieutenant Commander of Detectives.

       On October 23, 2009, Defendant moved for an order precluding the testimony of Plaintiff's expert witness Joseph Pollini as its designated "police procedures" expert.  Mr. Pollini's affidavit of October 9, 2009 is attached as Exhibit A to Defendant's motion.

Mr. Pollini's affidavit is not limited to procedures in the holding area of the White Plains police station, the subject matter on which the Court authorized discovery reopened. Paragraph 5 deals with the arrest procedures followed by the police in arresting the Plaintiff and placing him in handcuffs. Paragraph 6 relates to Plaintiff having a similar name to that of his father, the owner of the car Plaintiff was driving. Paragraph 7 relates to the Plaintiff driving a car whose plates were expired and without the required insurance, and the stop of the vehicle. Paragraph 8 deals with the stop of the vehicle and Plaintiff's complaints during a search of the vehicle to Police Officer Lopez that his handcuffs were too tight and a complaint to Police Officer Suggs during the trip to the police station that his handcuffs were too tight.

In paragraph 9, Mr. Pollini offers his opinion that a violation of proper and accepted police practices and procedures occurred because the officers did not thoroughly confirm Plaintiff's identity and Police Officer Suggs, when conducting her second inquiry with the police dispatcher, failed to give the dispatcher the date of birth of the Plaintiff, which was contained on Plaintiff's driver's license and in Police Officer Suggs' possession.

In paragraph 10, Mr. Pollini asserts it was a violation of proper and accepted police practice and procedures for the officers to fail to instruct Plaintiff to restrict his movements while in the police car because movements would cause restricted blood circulation in his hands and cause pain, and also a violation of police practices and procedures to fail to adjust the Plaintiff's handcuffs after he complained on three different occasions of pain because of tight handcuffs.

All these opinions are based on events alleged to have occurred prior to Plaintiff's entry into the holding area and discovery was not reopened by the Court to allow Plaintiff to bolster those aspects of his case. Rule 26(a)(2)(C) requires that ninety days prior to trial a party provide notice of expert testimony, absent a stipulation or court order. No such notice has been submitted to the court. It is also noted that Mr. Pollini attaches no documents to support the above opinions, cites no supporting legal authority to the same effect, and that the opinions make findings of fact about matters disputed by the parties. Accordingly the testimony by Mr. Pollini related to the subjects covered in paragraphs 5 through 10 of his affidavit is precluded. If timely notice was provided to Defendants, then this testimony should demonstrate his familiarity with accepted police practices outside of New York City and should be limited to acceptable police practices procedures and not the facts of the case.[1]

Mr. Pollini, in paragraphs 11 and 12, recites his understanding of what Police Officer Suggs' testimony will be based on her deposition, and then offers the opinion that "there was a very strong likelihood that Police Officer Suggs secured the plaintiff to the various bars within the booking facility with her own handcuffs as the plaintiff was processed and searched" because it is "common practice for police officers . . . to use their own handcuff keys to lock and unlock one handcuff as arrestees are moved from place to place," and because the alternative is waiting "for detention personnel to use a

---

[1] Judge McMahon set a deadline for expert discovery for Plaintiff of August 4, 2006. Upon transfer to this Judge, expert depositions were to be completed by March 6, 2009, extended at the request of Plaintiff to May 6, 2009, and extended to June 10, 2009. A request for further extension of time by Plaintiff was denied and Plaintiff was ordered to supply a expert report (medical) by September 23, 2009 for trial October 13, 2009.

different type of key to unlock handcuffs that are permanently secured to polls [sic] in the facility."

Mr. Pollini's affidavit was based on deposition testimony of Plaintiff Golio, witnesses Police Officer Suggs and Police Officer Lopez, a review of reports that were submitted by Lieutenant Schneider, Lieutenant Christopher, Sergeant Fuerst, Sgt. Fottrell, Sergeant Parlow, Police Officer Petrosino, Police Officer Petretti, Police Officer DaCosta, Police Officer Suggs, Police Officer Lopez, Police Officer Desiderio, and an interview of Plaintiff.  Mr. Pollini does not state upon which of these documents he is relying or the content with the documents upon which he bases his conclusions.

In paragraph 13, Mr. Pollini concludes that "members of the White Plains Police Department violated proper, accepted and standard police practices when they detained and improperly maintained custody of the plaintiff, Mr. Golio."  There is nothing to indicate that Mr. Pollini visited the holding facility in the White Plains Police Department or is familiar with the layout in relation to other facilities in which a detainee would be processed while there, so that the Court or jury can weigh whether there would be any need for the arresting officer to unfasten the handcuffs of the detainee once he or she has placed him there.

Under all these circumstances, unless Mr. Pollini was designated an expert witness in a timely fashion before October 2, 2009, his testimony must be limited to his experiences that holding cell handcuffs are generally not used by arresting officers because of the inconvenience of calling upon detention personnel to unlock the handcuffs for other officers.  In all other respects, his testimony is excluded.

IT IS SO ORDERED.

Dated: New York, New York
       November 9, 2009

_____

Robert P. Patterson, Jr.

U.S.D.J.

Copies of this order were hand-delivered to:

George David Wachtel
Ronald L. Kuby, Law Office
119 West 23rd Street
Suite 900
New York , NY 10011
(212) 529-0223
Fax: (212) 529-0644

Joseph Anthony Maria
Joseph A. Maria, P.C.
301 Old Tarrytown Road
White Plains , NY 10603
914-684-0333
Fax: 914-684-9772

Case 1:06-cv-01691-RPP   Document 82   Filed 11/09/09   Page 7 of 9
10/02/2009 15:37 FAX   Case 1:06-cv-01691-RPP   Document 51   Filed 10/02/2009   Page 1 of 3
KUBY LAW and BONJEAN LAW
☑002/003

# LAW OFFICE OF RONALD L. KUBY

ATTORNEYS AT LAW
119 WEST 23ST., SUITE 900
NEW YORK, N.Y. 10011

RONALD L. KUBY
GEORGE WACHTEL

LEA SPIESS

TELEPHONE: (212) 529-0223
FAX: (212) 529-0644
WWW.KUBYLAW.COM

STAFF
SUSAN BAILEY
PROCESS SERVER
LUIS R. AYALA

**MEMO ENDORSED**

October 2, 2009

BY FAX TO 212 805-7917
Hon. Robert P. Patterson, USDJ
US District Court, SDNY
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/09



RECEIVED
OCT 02 2009
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

Re: <u>Golio v. City of White Plains et al.</u>, 06 cv 1691 (RPP)

Dear Judge Patterson,

    Please accept this letter as our response to your honor's telephone request for an update on the video deposition schedule we discussed in Court earlier this week. Please accept it also as a request for a brief re-opening of discovery in order to let us notice an expert in police procedures and to try once more to obtain a video surveillance tape.

    After our telephone conversation this morning I spoke with my client, who has been attempting to set up the video deposition schedule. He has succeeded in contacting his mentors and is trying to work out dates. Meanwhile, Mr. Maria and I are tentatively clearing our schedules for October 13 to 16th.

    Our request for a brief reopening of discovery is based on the following. Dr. Golio alleges that he was handcuffed too tightly, and that the same cuffs were kept on him for three hours while he was moved along holding bars in the booking area at the White Plains police station. However, when we received photos of the booking area, we noted that there are handcuffs pre-fastened on the bars, raising the possibility that prisoners may be moved from cuff to cuff. We therefore requested from defendants information as to when the system of pre-fastened cuffs was instituted, thinking it may not yet have been in place in September 30, 2005, the arrest date. We received the answer last week, the day before our conference with your honor, and more than a year after our request. Apparently the system has been in place since 1989. As a result plaintiff now faces the possibility that defendants will claim the same handcuffs were not on continuously for three hours but that Dr. Golio was moved from cuff to cuff. We have located a police-

10/02/2009 15:37 FAX Case 1:06-cv-01691-RPP Document 82 Filed 11/09/09 Page 8 of 9 ☒003/003
Case 1:06-cv-01691-RPP Document 51 Filed 10/02/2009 Page 2 of 3
RUBY LAW and BONJEAN LAW

Hon. Robert P. Patterson, p2

procedures expert able to testify on the subject, and respectfully request leave to notice his appearance. He is able to produce a report quickly.

By the same token, we request leave to subpoena the surveillance tape for the holding area on the date of arrest. We had requested it with our first demands and never received it. Discovery was then placed on extended hold while the case went through a qualified immunity motion, a decision, and an appeal – all of which took nearly two years – and we didn't follow up once litigation resumed. Now, of course, with our newly acquired knowledge about the pre-fastened cuffs, the issue has become urgent, and we would like one more time to try and obtain it via a subpoena. Our notice of claim was filed fifteen days after the arrest, so the tape, if any, should by rights have been preserved.

Respectfully,

George Wachtel

Copy:
Joseph A. Maria, Esq
By fax to 914 684-9772

SEE ATTACHED TYPEWRITTEN
MEMO ENDORSEMENT

**Case:** Golio v. City of White Plains, et al.
**Index No.** 06 Civ. 1691 (RPP)

## MEMO ENDORSEMENT READS:

1) Application granted. Report should be filed by October 9, 2009.

   So Ordered

   *Robert P. Patterson, Jr., U.S.D.J., 10/2/09*

2) Application granted.

   So Ordered

   *Robert P. Patterson, Jr., U.S.D.J., 10/2/09*